UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICO MENEFEE,

    Plaintiff,

v.

    Case No. 4:23-cv-10416
    F. Kay Behm
    United States District Judge

MICHIGAN DEPARTMENT
OF CORRECTIONS, *et. al.*,

    Defendants.

_____/

**OPINION AND ORDER DISMISSING COMPLAINT**
**PURSUANT TO 28 U.S.C. § 1915(g)**

This matter is before the Court on Plaintiff Rico Menefee's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is a state prisoner incarcerated at the Cooper Street Correctional Facility at Jackson, Michigan. Upon review of plaintiff's case and his litigation history in the federal courts, this Court concludes that his civil rights complaint must be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

**I. BACKGROUND**

Title 28 U.S.C. § 1914(a) provides that "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350 ...." *See also Owens v. Keeling,* 461 F. 3d 763, 773 (6th Cir. 2006). Plaintiff failed to

1

provide the $350.00 filing fee, plus a $ 52.00 administrative fee, when he filed his complaint. The Prisoner Litigation Reform Act of 1995 (PLRA) states that "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1)(as amended); *see also In Re Prison Litigation Reform Act*, 105 F. 3d 1131, 1138 (6th Cir. 1997). The *in forma pauperis* statute, 28 U.S.C. § 1915(a), gives prisoners the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments. *See Miller v. Campbell*, 108 F. Supp. 2d 960, 962 (W.D. Tenn. 2000).

A search of federal court records indicates that plaintiff had three cases that have been dismissed for being frivolous, malicious, or for failing to state a claim upon which relief could be granted. *See Menefee v. U.P.S.*, No. 05-CV-74892 (E.D. Mich. Feb. 16, 2006); *Menefee v. Wayne County Jail Food Department*, No. 01-CV-73884 (E.D. Mich. Sept. 10, 2002); *Menefee v. Hall*, No. 01-CV-70924 (E.D. Mich. Mar. 26, 2001). Plaintiff has since been denied leave to proceed *in forma pauperis*, because he has accumulated three strikes. *Menefee v. Pramstaller*, No. 2:06-CV-12922, 2006 WL 2160411 (E.D. Mich. July 31, 2006).

## II. DISCUSSION

Plaintiff has requested to proceed without prepayment of fees. 28 U.S.C. § 1915(g), however, states that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Under 28 U.S.C. § 1915(g), a federal court shall dismiss a case if, on three or more previous occasions, a federal court dismissed the incarcerated plaintiff's action because it was frivolous or malicious or failed to state a claim for which relief may be granted. *Thaddeus-X v. Blatter*, 175 F. 3d 378, 400 (6th Cir. 1999); *Witzke v. Hiller*, 966 F. Supp. 538, 540 (E.D. Mich. 1997).  The three strikes provision of the PLRA prohibits a prisoner from proceeding *in forma pauperis* in a civil rights suit absent an allegation that the prisoner is in imminent danger of serious physical injury. *See Clemons v. Young,* 240 F. Supp. 2d 639, 641 (E.D. Mich. 2003).  A federal district court may *sua sponte* raise the three strikes provision of the PLRA on its own initiative. *Witzke,* 966 F. Supp. at 539.  The federal courts in general, and this Court in particular, can take judicial notice of a plaintiff's prior dismissals for purposes of § 1915(g). *See Taylor v. United States*, 161 F. App'x. 483, 485-86 (6th Cir. 2005).

    Plaintiff has three prior civil rights complaints which were dismissed by a federal district court pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) for being

3

frivolous, malicious, or failing to state a claim upon which relief could be granted. Plaintiff has subsequently been denied permission to proceed *in forma pauperis* because of these prior dismissals.

Moreover, plaintiff did not allege any facts which would establish that he is in imminent danger of serious physical injury, and thus, he does not come within the exception to the mandate of 28 U.S.C. § 1915(g), which prohibits him from proceeding *in forma pauperis* in light of his three prior strikes. *Mulazim v. Michigan Dept. of Corrections*, 28 F. App'x 470, 472 (6th Cir. 2002). Plaintiff's claim that he is in danger of contracting COVID-19 is insufficient to allow him to come within the imminent danger exception to § 1915(g). First, plaintiff indicates that he already contracted COVID several times. Plaintiff is unable to show that he is in imminent danger of serious physical injury from further exposure to COVID in light of the natural immunity that he acquired from his prior exposures to COVID. *See Garrett v. Murphy*, 17 F.4th 419, 433 (3d Cir. 2021) (Where the plaintiff already contracted COVID-19, the risk of getting sick with COVID-19 was no longer "imminent." Further, where plaintiff was protected by natural immunity, he did not show that continued exposure to COVID-19 still put him at imminent risk of serious physical injury.). In addition, effective COVID-19 vaccines are widely available to immunize and protect a person from contracting COVID and plaintiff has not shown that he has been denied proper access to the vaccine. *Id.* at 433 ("We also take judicial notice

4

that, to the extent [plaintiff] believes that he remains at serious risk of physical injury or death, effective COVID-19 vaccines are widely available, and [he] has not shown he lacks proper access to the vaccine.") (citing *United States v. Burgard*, 857 F. App'x 254, 255 (7th Cir. 2021)); *see also Jones v. Whitmer*, No. 22-11516, 2022 WL 3335796, at * 2 (E.D. Mich. Aug. 12, 2022) ("the increased availability of the COVID-19 vaccine since February 2021, as well as new medications and advancements in treatments, also persuades the Court that [plaintiff] faces a reduced risk of imminent danger of physical harm."; "[plaintiff] has not alleged that the vaccine has not been made available to him while he has been incarcerated."); *Henderson v. DeWine*, No. 2:22-CV-02606, 2022 WL 17817689, at *3 (S.D. Ohio Dec. 19, 2022). Accordingly, plaintiff's civil rights complaint is subject to dismissal pursuant to § 1915(g). Plaintiff, may, however, resume any of the claims dismissed under § 1915(g) if he decides to pay the filing fee under the fee provisions of 28 U.S.C. § 1914. *Witzke,* 966 F. Supp. at 540.

Plaintiff's three strikes under § 1915(g) bars him from appealing *in forma pauperis*. *See Drummer v. Luttrell*, 75 F. Supp. 2d 796, 805-806 (W.D. Tenn. 1999). The court declines to certify that any appeal from this dismissal would be in good faith.

## III. ORDER

**IT IS ORDERED** that Plaintiff Rico Menefee's *in forma pauperis* status is **DENIED** and the complaint (ECF No. 1) is **DISMISSED** pursuant to 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED AND CERTIFIED** that any appeal taken by plaintiff would not be done in good faith.

**SO ORDERED**.

s/F. Kay Behm<br>
F. Kay Behm<br>
United States District Judge

Dated: February 21, 2023

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 21, 2023, by electronic and/or ordinary mail.

s/R. Loury<br>
Case Manager